IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| PC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | Case No. 23-cv-3501 <br><br> Judge Andrea R. Wood <br> Magistrate Judge Sunil R. Harjani |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction against Defendants listed in **Exhibit 1**.[1]

## I. INTRODUCTION

Plaintiff PC, LLC ("Plaintiff"), brings the present action against all of the Defendants identified in Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), violation of the Illinois Uniform Deceptive Trade Practices Act (Count III), design patent infringement (Count IV), copyright infringement (Count V) and civil conspiracy (Count VI). As alleged in the Complaint, Defendants are promoting, marketing, distributing, offering for sale, and/or selling unauthorized versions of Plaintiff's PUFFIN and FUN.TOGETHER. branded products. Defendants are also publishing unauthorized reproductions or derivative works of Plaintiff's federally copyrighted works to hold themselves out as being authorized by Plaintiff by using its marketing materials as their own. Finally, Defendants are importing into the United States,

---

[1] Exhibit 1 is a reduced list of the Defendants originally listed on Schedule A. The unlisted Defendants either have not been served or have settled and have been dismissed.

reproducing, offering for sale, and/or selling products which infringe Plaintiff's federally registered design patent. Defendants are selling counterfeit products infringing Plaintiff's intellectual property (the "Counterfeit PUFFIN Products") through various fully interactive, commercial Internet stores operating under at least the Seller Aliases identified in Schedule "A" of the Complaint (collectively, "Defendant Internet Stores").

## II. STATEMENT OF FACTS

On June 28, 2023, this Court granted Plaintiff's Motion for a Temporary Restraining Order ("the TRO"). *See* ECF Nos. 13, 14. The TRO was extended on July 12, 2023 to July 27, 2023. *See* ECF No. 17. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. ECF No.13 at ¶ 8.

Since and pursuant to entry of the TRO, the accounts of Defendants listed on **Exhibit 1**, of which are located on the Alibaba, Amazon, Bonanza.com, DHgate, eBay, Etsy, Joybuy, Temu, Walmart, and Wish platforms, have been frozen. *See* Declaration of James E. Judge (hereinafter "Judge Declaration") at ¶ 2. The detail of asset restraint has been attached hereto. *See* Exhibit 2, Plaintiff has successfully provided notice of the Motion of Preliminary Injunction to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for defendants by third parties. *Id* ¶ 3.

Plaintiff respectfully requests that the Court enter a preliminary injunction against Defendants listed on **Exhibit 1** on the same terms as the TRO, so that Defendants are enjoined

from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit PUFFIN Products during the pendency of this litigation. The conditions in place when the TRO was entered continue to apply. As part of the Preliminary Injunction, Plaintiff requests that Defendants' accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Included in the TRO is Appropriate

Plaintiff respectfully requests that the Court enter a preliminary injunction to prevent further unlawful conduct by Defendants. In addressing similar allegations of Internet-based counterfeiting, courts in this District have previously issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv- 3249 (N.D. Ill. May 6, 2015) (unpublished)*; Michael Kors, L.L.C. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished); *Calvin Klein Trademark Trust, et al. v. The Partnerships, et al.*, No. 13-cv-8186 (N.D. Ill. Nov. 19, 2013) (unpublished).

##### a) This Court Has Already Concluded that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of

hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's prior entry of the TRO, it has already found that the above requirements have been satisfied.

### b)  The Equitable Relief Sought Remains Appropriate

The Lanham Act, Copyright Act, and Patent Act authorize courts to issue injunctive relief in accordance with "the principles of equity" and "upon such terms as the court may deem reasonable" to "prevent the violation of any right of the registrant of a mark," or " to prevent or restrain infringement of a copyright," or to "prevent the violation of any right secured by patent." 15 U.S.C. § 1116(a);17 U.S.C. § 502; 35 U.S.C. § 283.

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since entry of the TRO, Amazon, Bonanza.com, DHgate, eBay, Etsy, Joybuy, Temu, Walmart, and Wish have provided Plaintiff with information, including the identification of financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit PUFFIN Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Plaintiff's prayer for relief requests statutory damages of $2 million from each Defendant. ECF Nos. 1, 7. In addition, and as established in Plaintiff's TRO Brief (ECF No. 7-1), many federal courts, including those in the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies &*

*Sundries, Inc.*, No. 1:03-cv- 04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

Plaintiff also requests that the documents listed in Paragraph 10 of the TRO remain under seal, since not all platforms have complied with the TRO and imposed the asset restraint. Good cause still exists to prevent the remaining Defendants from learning of these proceedings prior to the execution of the temporary restraining order and service of the Summons and Complaint upon them. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the concealment or transfer of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

### B. There is Good Cause to Extend the Temporary Restraining Order Until There is a Ruling on this Motion

In the event that the Court does not rule on this Motion before the current TRO expiration date (July 27, 2023), Plaintiff also seeks to extend the TRO to maintain the status quo until there is a ruling on Plaintiff's Motion for Entry of a Preliminary Injunction. Rule 65 dictates that under ordinary circumstances, a temporary restraining order cannot exceed 14 days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-45 (7th Cir. 2012). In affirming the TRO extension, the Seventh Circuit explicitly recognized that there will be cases where the maximum 28-day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id*. If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary

injunction that is appealable, but the order remains effective." *Id*. at 844. *See also Christian Dior Couture, S.A. v. The P'ships*, No. 21-cv-04861 (N.D. Ill. Nov. 19, 2021) (Dkt. No. 32) (further extending TRO to and including the date on which the Court would adjudicate the motion for preliminary injunction, exceeding the maximum duration for a TRO under Rule 65(b)); *Luxottica Group S.p.A. v. rbzxr.com*, No. 20-cv-02297 (N.D. Ill. May 12, 2020) (Dkt. No. 52) (same).

Plaintiff respectfully submits that there is good cause to extend the TRO until the Court rules on this Motion since there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place, especially since Defendants have notice of this case. Specifically, Defendants will likely attempt to move any assets from their financial accounts to off-shore bank accounts without the TRO in place while this Motion is pending.

## IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction against Defendants listed in **Exhibit 1**, and that the TRO be extended until there is a ruling on this Motion.

Dated: July 20, 2023

Respectfully submitted,

/s/James E. Judge
Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com